IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| CITY OF VALPARAISO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.: 3:09-cv-00135-MCR-MD |
| | ) |
| UNITED STATES AIR FORCE; | ) |
| MICHAEL B. DONLEY, Secretary, | ) |
| United States Air Force; UNITED | ) |
| STATES DEPARTMENT OF DEFENSE; | ) |
| ROBERT M. GATES, Secretary, | ) |
| Department of Defense, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**INTERVENORS OKALOOSA COUNTY BOARD OF COUNTY COMMISSIONERS
AND RICHARD WOELFL'S
MOTION TO INTERVENE ON BEHALF OF DEFENDANTS AND
<u>MOTION TO ABSTAIN</u>**

COME NOW Intervenors OKALOOSA COUNTY BOARD OF COUNTY COMMISSIONERS (hereinafter, "the County"), and RICHARD WOELFL (hereinafter, "Valparaiso Resident"), pursuant to Rule 24(a)(2), Fed. R. Civ. Proc., and respectfully move this Court for an order granting them a limited intervention in the above-captioned action, staying this proceeding, and abstaining from exercise of jurisdiction pending the outcome of an ongoing, parallel state court action.  In support of this motion, the Intervenors state as follows:

1.      The pending action is a suit by the City of Valparaiso (hereinafter, "the City") to enjoin the bed-down of the F-35 Joint Strike Fighter at Eglin AFB.

2.      Proposed Intervenor Okaloosa County is a political subdivision of the State of Florida whose jurisdiction encompasses all of the City.

3. Proposed Intervenor Valparaiso Resident is a tax-paying resident of the City.

4. The Intervenors have filed a civil action in state court, alleging that the lawsuit pending before this Court is a legal nullity because the City violated chapter 119, Florida Statutes, and section 286.011, Florida Statutes (collectively, "Florida's Open Government Laws"). The basis for the Intervenors' state court action is that the City held a meeting on February 18, 2009 in violation of section 286.011, Florida Statutes, the sole result of which was authorization for the lawsuit currently before this Court. When public records were requested to further evidence the City's violations of Florida's Open Government Laws, the City failed to lawfully produce these records.

5. If the Intervenors' state court allegations are proven true, the City is improperly before this Court as the City's pending action is void *ab initio*. The outcome of Intervenors' state court action is potentially determinative of the instant case as the time for filing an action seeking judicial review of the F-35 Joint Strike Fighter bed-down has passed.

6. The state law question must be answered before this Court proceeds with adjudicating a potentially void civil action, irreparably harming the Intervenors. This question is most efficiently resolved in the pending, parallel state court action. The state court has progressed significantly on the issue, federal law does not provide the rule of decision on the question of whether the City violated Florida's Open Government Laws, and the state court is well-positioned to adequately protect the rights of all parties. In the City's response to Anthony Bradley's Motion to Intervene, the City concedes that whether the City violated Florida Open Government Laws is a "uniquely state question."[1]

7. The state court has declared in a recent order that it will not take any action or rule on any motion regarding the alleged violations of Florida's Open Government Laws unless

---

[1] City's Memorandum in Opposition to Bradley's Motion to Intervene at 4.

and until this Court expressly defers to the state court. The order reads in pertinent part:

> This court will defer any action on this case until when and if the United States District Court for the Northern District of Florida asks the state court for assistance or decision on any matter of state law which it is within this court's jurisdiction to provide.
>
> This court agrees that the matters raised by the Petitioner's complaint are important to the community, but they cannot and should not be decided here unless the United States District Court for the Northern District of Florida requests the assistance of this court.
>
> This court withholds any further action or ruling on any motion in this case until when and if an order or request for such ruling is received from the Federal Court.[2]

At the preceding hearing in Intervenor Anthony Bradley's state Open Government Law action, the state court proclaimed, "… I'm not going to do anything with [the Open Government Law issue] until the federal court says I should do something to it."[3] Intervenors reasonably expect the state court to apply this sentiment to their pending action before the same court.

8.      The Intervenors have a special interest in presenting limited argument requesting this Court to abstain and allow the state court to determine whether the City's lawsuit is the result of violations of Florida's Open Government Laws, which would render the lawsuit void. The Intervenors do not seek intervention on any other issue.

9.      The Intervenors' rights can only be protected by granting this request for intervention. Absent intervention, it is possible that this Court could grant the City's injunction against the bed-down of the F-35, without any court having considered whether the City is improperly before this Court. Intervenors have no other meaningful recourse.

10.     No other party in this litigation can adequately protect the rights of the

---

[2] Order, May 15, 2009, Anthony S. Bradley v. City of Valparaiso, Florida, Case No.: 2009 CA 001965, In the Circuit Court for the First Judicial Circuit in and for Okaloosa County, Florida.
[3] Transcript of Proceedings before the Honorable Thomas T. Remington, May 11, 2009 at 8:20-21.

Intervenors if this motion is not granted. No other party is currently asking this Court to abstain from proceeding until the state law threshold issues are determined.

11. Allowing intervention will not unduly delay or prejudice the adjudication of the rights and duties of the original parties. No discovery has been undertaken; no trial or other dispositive hearing has been held; and no disposition has been entered in this matter. Thus, this motion is timely filed.

12. Pursuant to N.D. Fla. Loc. R. 7.1(B), counsel for Intervenors attempted to confer with counsel for all other parties regarding consent for this motion. Counsel left messages with Plaintiff's counsel and Defendant's counsel and, after a period of forty-eight hours, has been unable to reach either. Counsel will continue to pursue consent for this motion from those parties. Intervenor Bradley's counsel consented to the motion. Pursuant to N.D. Fla. Loc. R. 7.1(D), Intervenors respectfully request oral argument on the issues presented in this motion and estimate one hour is required for argument.

WHEREFORE, the County and Valparaiso Resident respectfully request leave from this Court to intervene for the limited purpose of requesting this Court abstain from exercising jurisdiction over the City's alleged violation of Florida Open Government Laws and stay this proceeding pending the outcome of the ongoing state court action.

Respectfully submitted this 29th day of May, 2009.

KEEFE, ANCHORS, GORDON & MOYLE, P.A.

/s/ A. Benjamin Gordon
Lawrence Keefe
Florida Bar No. 0602809
A. Benjamin Gordon, III
Florida Bar No. 0528617
Marcus B. Slager
Florida Bar No. 0195960

        Keefe, Anchors, Gordon & Moyle, P.A.
909 Mar Walt Drive, Suite 1022
Fort Walton Beach, Florida 32547
Telephone: (850) 863-1974
Fax:  (850) 863-1591
Email: lkeefe@kagmlaw.com
       bgordon@kagmlaw.com
       mslager@kagmlaw.com

Attorneys for Intervenors

**CERTIFICATE OF SERVICE**

     I HEREBY certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to David W. Gehlert, attorney for Defendant, D. Michael Chesser, attorney for Intervenor Bradley, and Frederick L. Aschauer, Jr., attorney for Plaintiff on this 29th day of May, 2009.

/s/ Lawrence Keefe
Lawrence Keefe